So I think we're ready to proceed with our first case, which is Califf v. Capra. May it please the court. My name is Daniel Kolb, and I'm appearing for the appellant, Ivan Califf, and we're here on a petition for habeas relief. Mr. Califf is incarcerated on a sentence which was the product of a conviction in 2004. The sentence was enhanced by virtue of his having been convicted in 1993, and it's that conviction that we're challenging directly because in that case, he did not have his guaranteed right to appeal from his conviction. Let's assume that we agree with you that his constitutional right to counsel on appeal was violated. What relief would he be entitled to? Well, in theory, of course, he could be entitled to be released, but we're requesting, because we think this is the right way to manage it, the restoration of his appeal rights, his full appeal rights. He did have another chance. The New York courts, when they became aware that he didn't have his appeal the first time, gave him the opportunity to appeal, but then declared that he'd abandoned his right. So we would want him restored so that he could actually exercise his appellate rights. And if that appeal is restored, and the appellate division, and ultimately the New York Court of Appeals affirm his conviction, would anything change with respect to his 2004 sentence? If they affirmed and the conviction remained the same, it would presumably not change, I don't believe. On the other hand, if it was the case that he prevailed, then the question of what the sentence should be, unenhanced, would be presented. And to whom would that be presented? In the first instance, back to the New York courts? I would assume so, because that's the sentencing authority, and that would be what we would expect. And based on what happened in the trial court, the way his counsel was replaced, and then he lost counsel, we would think he had a very good chance on appeal. So to clarify, we are not being asked either to reduce his current sentence, or to vacate his 1993 conviction. We are being asked in this appeal only to reinstate his appeal, which would mean deciding that the New York courts erred in dismissing that appeal. That's correct, Your Honor. And there's no debate about whether he had a right to an appeal, and there's no debate about whether he had a right to counsel. So in substance, you'd be putting him back so that his rights could be exercised. However, then that would turn out. Now, our view of the situation is that the principal flaw here in the New York state court system in the First Department is that they do not provide adequate notice to the individual defendant after the individual is convicted. And that that notice... Before we get to that question, which I do want to hear, maybe you could talk to us about Lackawanna and how we are able to hear this case. Sure, Your Honor. First of all, again, we're here because the sentence in 2004 was enhanced by the sentence in 1993. Both Malang and Lackawanna recognized that it is possible to challenge an appeal, a challenge of matter for which you've already served your sentence, if it enhances the subsequent sentence. The question in Lackawanna was, well, under what circumstances would there be an appropriate challenge, recognizing that there was a reason to not allow challenges in all such situations. And the court made very clear that exceptions were allowed. There was only one exception. One exception is where there's an uncounseled conviction and a violation of the Sixth Amendment. That's right. How does that play here, where there was counsel? Well, as far as we're concerned, the question is, will the court allow another exception, as have now I believe it's nine courts following Lackawanna, reasoning that an exception needs to be limited, but the most prevalent view is that if you lost your right, in this case in 1993, through no fault of your own, then you should be able to be put back. So just to be clear, so you're not asserting that the Gideon exception is applicable here. You're relying on us recognizing the second exception. That's right. Now, the second exception can be just defined as no fault of his own, but of course, since the exception we're talking about is he didn't have counsel, and therefore he didn't have an appeal. Well, that's not the Sixth Amendment, that's the 14th Amendment, and it's literally a different right to counsel. We believe it presents exactly the same kind of problem, that the person is left without counsel to pursue his rights, and therefore he has been unfairly deprived, and that's a fair challenge. Suppose I agreed with you that if this were a case that came to us within the federal system, that you would be correct, and that that is the best interpretation of Lackawanna. Are we able to create a new exception or extend an extension that the Supreme Court has recognized, or even apply a general standard that the Supreme Court has stated with respect to an exception in a habeas case? Because the court left open the question of what exceptions would be allowed, it is our view that you can just decide now on your own. Object, of course, to Supreme Court review, I suppose, that this is a valid exception, and may I say the Ninth and Tenth Circuits, plus a number of district courts, have done that very thing. They've not said the Supreme Court has bound us to do this, but rather the court has allowed for exceptions, and it's perfectly appropriate for us- But if the Supreme Court has not bound us to do it, how can we say that it bound the New York Court of Appeals to do it? That what the New York Court of Appeals did was an unreasonable interpretation of Supreme Court law. This is not an issue that the state court had ruled on or would rule on. This is a federal issue, a federal habeas relief. And so there is no such problem with respect to the state court, as there would be on the merits of the habeas petition. It's not the same. What do we do with the 19-year delay in petitioner making this argument? Well, I think it's apparent that he didn't know that he lost his appellate rights, and let's say we go back to 1994 or 1995, he doesn't know. Now, it isn't any less true that he doesn't know later. And he continues to not know anything until 2004 when he begins to get some idea there might be a problem, and then what he does is he seeks help. He starts writing, and it's only when he gets to the help in 2012 that it is discovered he lost his appellate rights. So, first of all, the excuse, the reason he didn't pursue his appellate rights didn't change over all those years. And rather than abandoning his appeal, he exercised diligence to try to pursue what he could. And as soon as he found out what the problem was, with the help of counsel, he acted to have his rights redressed. Thank you, Your Honor. Good morning, Your Honors. My name is David Cohn. I represent the respondent of this appeal of the appellee. I'm from the Manhattan District Attorney's Office. To begin, petitioner's constitutional challenge to the state court procedures for assigning appellate counsel may not be reviewed by this court because the New York courts relied on an independent and adequate state ground for dismissing his appeal, which is the fact that he willfully delayed for 19 years without a valid excuse. Specifically, the state courts made a factual finding that petitioner made a conscious decision not to pursue the appeal from his 1993 conviction because he was satisfied with his plea bargain at the time. The state courts made a further factual finding that petitioner waited 19 years to act on his appeal, and only changed his mind later because in the interim, he had been convicted of a new crime, which resulted in him receiving a sentence of 16 years to life as a persistent violent felony offender. And that is why, suddenly, the 1993 appeal became of interest to him. Those factual findings by the state court must be presumed correct pursuant to 28 U.S.C. 2254 E1, unless rebutted by clear and convincing evidence. And here, the record does not contain clear and convincing evidence rebutting those state court factual findings. In fact, the state court factual finding was completely consistent with the record. Just to briefly review the relevant facts which supported the state court finding, the record- The procedure that was employed in this case about notifying the defendant of his right to appeal and how to pursue, that's been modified since Judge Sweet's decision? Yes, Your Honor. There has been a recent law enacted by the legislature which allows now a sentencing judge upon the request of the defendant to grant poor person's relief for appeal at the sentencing proceeding. So the defendant can still pursue the procedure and is still entitled to receive the rights notice that the petitioner received here. But in a- You can also request that the trial court go ahead and do it at that moment. Right. And that's a discretionary exercise by the trial court. As far as I understand, yes, Your Honor. I'm sorry, proceed. No problem. So as I was noting, and as Your Honor noted, the petitioner received the notice of his appellate rights at his 1993 sentencing proceeding. He expressed no interest in perfecting that appeal for 19 years until 2012. In the interim, in 2000 and 2004, after he was convicted of separate crimes, he conceded his predicate felony offender status. Even though he had the right under state law at those proceedings to challenge the constitutionality of his 1993 conviction, and the states recognize a broad right to challenge the constitutionality of a prior conviction. So he certainly could have gone up to state court and said I was denied an appeal in my 1993 case. He never mentioned anything about an appeal during those proceedings in 2000 and 2004. And this was an active litigant. This was not somebody who would sit on an issue and not bring it to the court's attention. He was an active participant in his 1993 plea and sentencing proceedings. During his appeal from his 2004 conviction, he was an active pro se litigant. New York courts allow criminal defendants to engage in hybrid representation. They can have a counsel file a brief and also file a pro se supplemental brief. He did that in his 2004 appeal. He filed a pro se supplemental brief. When he sought leave to appeal to the New York Court of Appeals, he filed a pro se supplemental leave letter. This is a defendant that if he believed he had been denied his right in 1993 to appeal his conviction to an appellate court, he certainly would have said something. It's certainly over a 19 year period. Is that really the question though? I thought that he had appealed his, I mean he'd had it, right? It's agreed he did appeal, filed a notice of appeal from his 1993 conviction. I thought the petitioner's position here is that he just believed that that remained pending. And it is not unheard of for appeals in the New York system to remain pending for many, many years without being resolved. Your Honor, his attorney did file a notice of appeal that is correct on his behalf, which attorneys routinely do in the New York state system because if they don't, they can be judged ineffective. What the state court concluded, and what the nub of this case is, and we submit, is that the petitioner in this case abandoned his appeal by not following up during the 19 year period between his 1993 sentencing and 2012 when he first expressed through his new counsel a desire to revive that long pending appeal. And technically, that long pending appeal remained pending this entire time. It was never dismissed. It may have been moribund in the sense that I'm sure you would argue that your office could have had it dismissed at any time for failure to perfect, but it never was dismissed. We could have moved earlier to dismiss it for failure to prosecute. The appellate division could have done that on its own motion. They actually don't do that in cases where no counsel has been assigned. But under the state rules, the respondent in the appeal has the right to move for dismissal of the appeal. But of course, if that had been done, either sua sponte by the appellate division or on motion, then presumably some notice would have been sent that the appeal is dismissed. But that didn't happen here. Right, and actually under this court's precedent, under the Court of Appeals precedent, he would have had the right to counsel in litigating the dismissal motion, which he actually received. Eventually. In 2012, right. And what really would have happened, and what the state courts found would have happened essentially in that situation, is that his appeal would have been dismissed a long time ago because he never had a desire to appeal. In 2012, he came up with after the fact allegations about why he didn't appeal, which were refuted by the record and which were rejected by the state court. He claimed, for instance, that his attorney promised to take care of the appeal. Well, if that were the case, the state court said, well, why didn't in 2008, when he wrote his state court trial attorney about the trial file from the 1993 conviction, why didn't he mention anything about an appeal? The state court found his explanations incredible and refuted by the record. That was a permissible factual finding. It certainly wasn't a clearly erroneous factual finding, and it wasn't an unreasonable exercise of the state court's discretionary power to control its docket to dismiss an appeal that had been pending for 19 years. No action had been taken, and no good excuse had been shown for the action. Now, the district court here also found a waiver, although at a different point, is that- Right, right. So the district court relied on the narrow grounds, which we submit as an appropriate alternative holding as well. The district court said, well, even if you presume, and we don't agree with this, and the state courts didn't agree with this. But even if you presume for the sake of argument that the defendant didn't understand how to litigate an appeal until he was convicted again in 2004 and actively pursued an appeal from that conviction, even if you accept that, still he waited eight years between 2004 and 2012 before he said anything to anyone about a pending appeal from his 1993 conviction. And that alone, an eight year delay, alone is sufficient to justify dismissing an appeal for- And in the 2004 proceeding, he had perfected his appeal, exercised poor person rights. Yes, your honor. He submitted a pro se letter asking for a person's relief, asking for counsel to be assigned. He submitted the documentation proving that he had no finances. Now, he alleged in 2012 that his attorney did it for him and just basically sent him the forms and told them mail it to the appellate division. Still, he was aware that the forms existed, and even if you accept that allegation, he mailed them to the appellate division so that would have put him on notice that there was something he needed to do. He also filed pro se supplemental briefs, as I mentioned, in the appellate division and in his leave application in the New York Court of Appeals. Again, this was an active litigant, and if he truly believed that he had this outstanding 1993 appeal that he had been denied the opportunity to pursue, it was eminently reasonable for the state courts to conclude that he would have said something to somebody during a 19 year period between 1993 and 2012. I'll just briefly address the custody issue. As the Supreme Court made clear in Lackawanna County and in Maliang, a defendant's not in custody for habeas purposes merely because his sentence has been enhanced based on the conviction under attack. He's completely served the 93 sentence, but the defendant- Is there any meaningful difference between having counsel at the trial level and having counsel for the appeal, for these purposes? Your Honor, we submit that there is. And the reason why some federal courts have said that Gideon is different and Gideon is special is because the Gideon right involves the right to have counsel in the termination of factual guilt. Now, of course, appeals are important and an important part of the system, but there's something fundamental about having a lawyer at trial when you're defending against the factual allegation of guilt. And being able to marshal the facts in your favor, and being able to present a factual defense to a jury, which is something which is exceedingly difficult for an uncounseled person to do. And that's why in various contexts, the federal courts have held that Gideon is a special right. And in Lackawanna County, that's why the Supreme Court focused on Gideon specifically instead of right to counsel in general. And if we go on to the second exception, your point is that this is not the first and only forum he had available to make his claim, even if that exception were recognized by the circuit. Yes, Your Honor. First, he could have tried to perfect his 1993 appeal within the 19 year period. Second, as I also mentioned, under New York law, he could have litigated the issue of the constitutionality of his 1993 conviction at his predicate felony sentencing hearings in 2000 and 2004. He could have gone to the state courts and said there's a constitutional problem with my 1993 conviction. He never did that. This is not a situation to expand the exception to the custody requirement, because there were alternatives that this defendant had to exercise over a 19 year period. Unless there are further questions, we'll rest on our brief. I think counsel's words are important. He said that if Mr. Califf waited from 2004 to 2012, and during that period he knew that he had been denied an appeal, that he should have mentioned it or he would have mentioned it, he didn't mention it. And the reason he didn't mention it, of course, is perfectly obvious, he didn't know it. He knew that there were things you could do to challenge an appeal. But the very fact that he didn't do that in all that time is ample evidence of the reasonableness of his not knowing. And as far as the Court of Appeals of New York finding that it was a tactical decision on his part to decide now not to waive the appeal but to try to go on with it, there's no rhyme or reason why, if that was so, he would have waited from 2004 to 2012. The only logical explanation is that he didn't know as to not waiving or waiving. Between 2004 and 2012, he's writing letters, he's trying to find somebody who can help him. He did finally in 2012 and right away. Soon as they knew they didn't have the appeal decided for the 1993 conviction, they moved and sought relief. That's the antithesis of waiving. And as to the fact findings, one of the Supreme Court dictates is that you're not supposed to unreasonably, this is under AEDPA, you're not supposed to unreasonably interpret a Supreme Court decision. And I submit that it would be very unreasonable to interpret the Supreme Court decisions as adding up to a presumption that he did waive. The Supreme Court is very clear, the presumption goes in favor of preservation of the rights, not against it. And if I may say one other thing, he's being accused of not perfecting his appeal. The notice he was handed at the trial level only says that to exercise your right to appeal, you ask your counsel to notice the appeal. It says nothing about going on and doing something to perfect the appeal. So what he did at the trial level fit exactly what the notice said. Thank you, Your Honor. Thank you both. Well argued.